UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA          :
                                  :    17 CR 136 (VM)
     - against -                  :    16 CR 729 (VM)
                                  :
JEFFREY RUFFIN,                   :    **DECISION AND ORDER**
                                  :
            Defendant.            :
----------------------------------X

**VICTOR MARRERO, United States District Judge.**

Defendant Jeffrey Ruffin ("Ruffin") requests a
sentencing adjustment under the First Step Act of 2018, Pub.
L. 115-391, 132 Stat. 5194 (the "First Step Act"). (See "July
28 Letter," No. 17 Cr. 136, Dkt. No. 9.)[1] The Court has
reviewed Ruffin's pro se request, the submissions from
counsel and the United States Probation Office ("Probation"),
and the relevant provisions of the First Step Act. The Court
now denies Ruffin's request.

## I.    BACKGROUND

On November 12, 1992, in the Eastern District of New
York, Ruffin pled guilty to conspiracy to possess and
possession with intent to distribute in excess of five grams
of cocaine base, in violation of 21 U.S.C. Sections 846 and
841(a). He was sentenced to fifteen (15) years' imprisonment
followed by fifteen (15) years' supervised release. (See

---

[1] As will be explained below, this Decision & Order relates to both of
the above-captioned dockets. Each record citation will thus include both
the document number and the docket in which it was filed.

"Request for Court Action," No. 17 Cr. 136, Dkt. No. 3; see also United States v. Ruffin, No. 91 Cr. 753 (ERK) (E.D.N.Y. 1991) (the "E.D.N.Y. matter").) He was released from custody on April 21, 2007. On July 17, 2009, after violating the terms of his supervised release, Ruffin was sentenced to eight (8) months' imprisonment followed by the reinstatement of his fifteen-year term of supervised release with a maximum expiration date of April 4, 2022. (See Request for Court Action.)

On October 17, 2016, the Government filed a criminal complaint against Ruffin based on new charges. (See "Complaint," No. 16 Cr. 729, Dkt. No. 1.) In this new matter, Ruffin pled guilty to one count each of conspiracy to traffic firearms, in violation of 18 U.S.C. Section 371, and being a felon in possession of a firearm, in violation of 18 U.S.C. Section 922(g)(1). (See No. 16 Cr. 729, Dkt. No. 83.) On June 1, 2018, the Court sentenced Ruffin to sixty (60) months' imprisonment on each count to run concurrently. (Id.)

On July 20, 2018, Ruffin pled guilty to violating the terms of the supervised release imposed in the E.D.N.Y. matter. Specifically, Ruffin admitted guilt to Specifications One and Four, which charged him with conspiracy to traffic firearms and being a felon in possession of a firearm. The Court sentenced Ruffin to an additional eight (8) months'

2

imprisonment and ordered that the eight-month sentence run consecutively to the sixty-month sentence of imprisonment imposed in his new criminal case. (See No. 17 Cr. 136, Dkt. No. 7.) Ruffin's revocation imprisonment is scheduled to begin in October 2021. (See "Ruffin Letter," No. 16 Cr. 729, Dkt. No. 96, at 1.)

About one year later, Ruffin requested a sentencing adjustment under the First Step Act. (July 28 Letter at 1.) The Court solicited the views of Probation, the Government, and Ruffin's defense counsel as to whether Ruffin was eligible for relief. (See No. 17 Cr. 136, Dkt. No. 13; No. 16 Cr. 729, Dkt. No. 92.) The Court has now received submissions from Probation ("Doino Report") and from the parties. (See "Government Letter," No. 16 Cr. 729, Dkt. No. 95; Ruffin Letter.)

## II. LEGAL STANDARD

In the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 ("Fair Sentencing Act"), Congress lowered the statutory penalties for certain offenses involving cocaine base to help lessen the disparity between crack-cocaine and cocaine offenses. The Fair Sentencing Act amended the statutory sentencing ranges only prospectively, for individuals sentenced on or after the act came into effect. Dorsey v. United States, 567 U.S. 260, 281 (2012). With the

3

enactment of the First Step Act of 2018, the Fair Sentencing Act's amendments to the statutory sentencing ranges were made retroactive to individuals sentenced for violations that occurred before August 3, 2010. Pub. L. 115-391, 132 Stat. 5194.

To be eligible for a sentencing reduction under the First Step Act, a defendant must show, first, that he committed a "covered offense," defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010." Pub. L. 115-391, § 404(a). Second, the offense must have been committed before August 3, 2010. Id. Third, the defendant must not have previously received a sentence reduction under the Fair Sentencing Act or been denied on the merits a motion for a sentence reduction under the First Step Act. Id. § 404(c).

If a defendant meets these three requirements, the Court may, in its discretion, "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." Id. § 404(b) (citation omitted). The First Step Act does not require the Court to reduce the sentence of a defendant who is eligible for relief.

### III. **DISCUSSION**

4

The parties dispute whether Ruffin meets the first requirement to be eligible for a sentencing reduction, that is, whether he is currently serving a sentence for a covered offense "the statutory penalties for which were modified by" the Fair Sentencing Act. Ruffin argues that part of the term of imprisonment that he is currently serving -- i.e., the eight months imposed for violating the terms of supervised release in the E.D.N.Y. matter -- relates back to that initial 1992 drug conviction and should be considered a covered offense. The Government, on the other hand, writes that Ruffin is not eligible for relief because the eight-month revocation sentence was imposed pursuant to the revocation statute, 18 U.S.C. Section 3583(e)(3), not 21 U.S.C. Section 841. It contends that the conduct to which Ruffin pled guilty, and which violated the terms of his supervision, related to gun trafficking, not narcotics.

Ruffin marshals persuasive support for his position, pointing to the Supreme Court's statement in Johnson v. United States, 529 U.S. 694, 701 (2000), that "postrevocation penalties relate to the original offense." The Supreme Court recently reaffirmed that "an accused's final sentence includes any supervised release sentence he may receive," and that "supervised release punishments arise from and are treated . . . as part of the penalty for the initial offense."

<u>United States v. Haymond</u>, 139 S. Ct. 2369, 2379-80 (2019)

(internal quotation marks and alteration omitted). As Ruffin

explains, the Fourth Circuit recently relied on <u>Johnson</u> and

<u>Haymond</u> in holding that a defendant serving a revocation

sentence whose underlying conviction is a covered offense may

move for a reduction "just as if he were still serving the

original custodial sentence." <u>United States v. Venable</u>, 943

F.3d 187, 194 (4th Cir. 2019). Ruffin points to various other

district courts that have issued similar opinions. (Ruffin

Letter at 4 (citing <u>United States v. Hoover</u>, No. 08 Cr. 123,

Dkt. No. 314, at *4 (D. Alaska May 21, 2019); <u>United States</u>

<u>v. Wooters</u>, No. 09 Cr. 40013, 2019 WL 1897085, at *3 (S.D.

Ill. April 29, 2019).)[2]

The Government responds that <u>Venable</u> is not binding on

this Court and that it is inconsistent with Second Circuit

precedent holding that violations of supervised release are

---

[2] Ruffin refers the Court to two separate instances in which the Government has represented to a federal court that post-revocation sentences may be covered offenses under the First Step Act. <u>See</u> Letter from DOJ at 1-2, <u>United States v. Venable</u>, No. 19-6280, Dkt. No. 52 (4th Cir. October 29, 2019) (stating that DOJ "agrees that a court may reduce a term of imprisonment imposed upon revocation of supervised release if the defendant was originally sentenced for a 'covered offense'" as defined in the First Step Act) (citing <u>Johnson</u>, 529 U.S. at 701); Letter from DOJ to Judge Hurd at 2, <u>United States v. Pettiford</u>, No. 08 Cr. 220, Dkt. No. 59 (N.D.N.Y. April 9, 2019) (stating that DOJ took "no opposition" to reading the First Step Act to cover revocation sentences because "the revocation sentence arguably is part of the sentence for the 'covered offense'"). While compelling, the Court does not understand Ruffin to suggest that the Government can be held to that position here. <u>See United States v.</u> <u>Mendoza</u>, 464 U.S. 154, 162-63 (1984) ("[N]onmutual offensive collateral estoppel simply does not apply against the government . . . .").

6

separate offenses from the underlying crime for which the supervised release was imposed, at least for the purposes of determining which Sentencing Guidelines apply. (Government Letter at 3 (citing United States v. Bermudez, 974 F.2d 12, 13-14 (2d Cir. 1992)).) The Government also cites district court decisions holding that a violation of supervised release is not a covered offense under the First Step Act, even if the criminal offense that gave rise to the term of supervised release would have been a covered offense. E.g., United States v. Smith, No. 96-CR-33, 2019 U.S. Dist. LEXIS 85346, at *2 (E.D. Ky. May 21, 2019); United States v. Stowers, No. 08 Cr. 24, 2019 WL 1398073, at *2 (W.D. Va. Mar. 28, 2019); United States v. Plumley, No. 05 Cr. 224, 2019 WL 6282718, at *1 (S.D.W. Va. June 18, 2019); United States v. Coneway, No. Cr. 302-005-3, 2019 WL 4132559, at *2 (S.D. Ga. Aug. 29, 2019). Probation is of the same view, and informed the Court in its submission that Ruffin was not eligible because he was no longer serving his original sentence. (Doino Report at 2.)

Although there is ample authority for both parties' arguments and Probation's position, the Court has some doubts. The Government does not address the Supreme Court's guidance in Johnson and Haymond that a defendant's revocation imprisonment "constitutes a part of the final sentence for

his crime" because the supervised release is part of the penalty for the initial offense. Haymond, 139 S. Ct. at 2380; Johnson, 529 U.S. at 700. But revocation imprisonment is also, in many ways, "a different beast," based partly on "new conduct, . . . wholly derived from a different source, and [with] different objectives altogether." United States v. McNeil, 415 F.3d 273, 277 (2d Cir. 2005). In fact, this Circuit has long held that notwithstanding the Supreme Court's decision in Johnson, "punishment for a violation of supervised release is separate from punishment for the underlying conviction and may, when combined with the latter, exceed the statutory maximum for the underlying offense." United States v. Wirth, 250 F.3d 165, 170 n.3 (2d Cir. 2001); see also McNeil, 415 F.3d at 277 (same).

In any event, to the extent the First Step Act underscores a tension in how courts treat revocation imprisonment, the Court need not resolve the issue. Neither party disputes that sentencing reductions under the First Step Act are discretionary; the parties dispute only whether Ruffin is eligible. See United States v. Rose, 379 F. Supp. 3d 223, 233 (S.D.N.Y. 2019) ("Congress clearly intended relief under Section 404 of the First Step Act to be discretionary . . . ."). Even assuming, without deciding, that Ruffin's revocation imprisonment is part of the

punishment for his original 1992 narcotics conviction, such that his offense is a covered offense for the purposes of the First Step Act, the Court will deny the relief. Ruffin has now violated the terms of supervised release in the E.D.N.Y. matter twice -- once in 2009 and once in 2018. His current revocation sentence was imposed after he pled guilty to conspiracy to traffic firearms and being a felon in possession. The Court is sympathetic to Ruffin's argument that if he were sentenced today, the Guidelines range for the E.D.N.Y. matter would likely be half of what it was in 1992. But the Court cannot ignore the seriousness of the instant offense -- that is, the charges related to gun trafficking. In the end, whether or not revocation imprisonment is seen as part of the original drug offense, the gun trafficking charges are, at least in part, the conduct for which Ruffin will serve time. See McNeil, 415 F.3d at 277. Therefore, given that Ruffin has repeatedly violated the terms of supervised release, and given the seriousness of his most recent violations, the Court declines to exercise its discretion to grant the requested relief.

## IV.  ORDER

Accordingly, for the reasons stated above, it is hereby

**ORDERED** that the request of defendant Jeffrey Ruffin for a sentencing adjustment under the First Step Act of 2018,

Pub. L. 115-391, 132 Stat. 5194 (No. 17 Cr. 136, Dkt. No. 9 and No. 16 Cr. 729, Dkt. No. 96) is **DENIED.**

**SO ORDERED.**

Dated: New York, New York
        9 April 2020

_____
Victor Marrero
U.S.D.J.